FILED

**NOT FOR PUBLICATION**

JUN 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MAURICIO CRUZ-CONTRERAS, | No. 09-74112 |
| Petitioner, | Agency No. A097-902-767 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:      CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jose Mauricio Cruz-Contreras, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his motion to reopen

removal proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The agency did not abuse its discretion in denying Cruz-Contreras's motion to reopen to rescind his removal order, where Cruz-Contreras did not allege a lack of notice of the hearing or file his motion within 180 days of the order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i),(ii). Nor did the agency abuse its discretion in denying the motion because Cruz-Contreras failed to establish changed circumstances. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions).

To the extent Cruz-Contreras contends that he should be permitted to file an asylum application, this contention is foreclosed by *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008), which held that an alien subject to a final removal order may only reapply for asylum through a successful motion to reopen.

Cruz-Contreras's contention that the BIA failed to articulate its reasoning is not supported by the record.

We do not consider Cruz-Contreras's contentions raised for the first time in the opening brief, as those were not exhausted before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Cruz-Contreras's renewed request for a stay of removal is denied.

**PETITION FOR REVIEW DENIED**.